17-3208-cv
*Ham v. Sushi Maru Express*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of August, two thousand eighteen.

PRESENT:
> BARRINGTON D. PARKER,
> PETER W. HALL,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

---

SEONG SOO HAM, EUN YONG LEE, FOR THEMSELVES AND FOR ALL OTHERS SIMILARLY SITUATED,

> *Plaintiffs-Appellants,*

v.                                                                No. 17-3208-cv

SUSHI MARU EXPRESS CORP., KEVIN KIM, HAK JAE LIM, JOHN DOES 1-5,

> *Defendants-Appellees.*

---

For *Plaintiffs-Appellants*:          Michael S. Kimm, Kimm Law Firm, Englewood Cliffs, N.J.

For *Defendants-Appellees*:          Jeffrey M. Schlossberg, Timothy J. Domanick, Jackson Lewis P.C., Melville, N.Y.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Block, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

Plaintiffs Seong Soo Ham and Eun Yong Lee filed a complaint accusing named defendants Sushi Maru Express Corp., Kevin Kim, and Hak Jae Lim of violating the Fair Labor Standards Act and New York Labor Law. On December 9, 2016, the Court approved a settlement between the parties. The question of attorney's fees was referred to Magistrate Judge Go, and then transferred to Magistrate Judge Orenstein, who made the final determination of attorney's fees and costs. On August 18, 2017, Judge Orenstein issued a Report and Recommendation ("R&R") recommending an award to plaintiffs of $50,434 (consisting of $49,925 in attorney's fees and $509 in litigation costs). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review for abuse of discretion a district court's decision regarding the amount of any award of attorney's fees and costs. *Gortat v. Capala Bros.*, 795 F.3d 292, 295 (2d Cir. 2015) (per curiam). "A court abuses its discretion if it rests its decision on an erroneous determination of law or a clearly erroneous factual finding." *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 105 (2d Cir. 2012). The scope of our appellate review of attorney's fee awards is narrow. *In re Bolar Pharm. Co., Inc., Sec. Litig.*, 966 F.2d 731, 732 (2d Cir. 1992) (per curiam). In this context, our abuse of discretion review "recognizes that the district court, which is intimately

2

familiar with the nuances of the case, is in a far better position to make certain decisions than is an appellate court, which must work from a cold record." *Id.*

The dispute in the present case reached a settlement within ten months and featured no motion practice and only limited discovery. The district court reasonably concluded that the magistrate judge surveyed the Eastern District of New York caselaw and determined that the rates requested by Kimm and Garcia "exceeded the hourly rates normally approved in this district for comparable professionals in federal wage cases." SPA 6; *see also Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 522 F.3d 182, 183–84 (2d Cir. 2008). The district court is also entitled to exclude hours that were not "reasonably expended." *See Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). Some of the problems associated with plaintiffs' request for attorney's fees included: billing for counsels' performance of non-professional secretarial work, claiming excessive time for routine tasks, making vague entries in the billing logs, failing to discount time for case-related travel, and billing an excessively large number of hours for drafting a reply to the opposition to the attorney's fees request that failed to comport with the rules governing such briefs. There was no error in the court's acceptance and adoption of the magistrate judge's reduction of the hours billed by plaintiffs' attorneys because of the problematic billing issues. *See Marion S. Mishkin Law Office v. Lopalo*, 767 F.3d 144, 150 (2d Cir. 2014); *DiFilippo v. Morizio*, 759 F.2d 231, 235 (2d Cir. 1985).

A reduction of the hourly rate and a reduction of the claimed hours was well within the court's discretion to order. *See, e.g., Matusick v. Erie Cty. Water Auth.*, 757

F.3d 31, 64 (2d Cir. 2014); *DiFilippo*, 759 F.2d at 235. Plaintiffs make no substantive arguments on appeal that were not already considered and properly rejected by the district court. Nor do they point to any abuse of discretion by the district court in adopting the magistrate judge's R&R in full. *See Gortat*, 795 F.3d at 295.

The judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court